UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL PERCY JACK,<br><br>            Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>            Defendant. | Case No. CV 14-08464 RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. SUMMARY OF RULING

Plaintiff Wendell Percy Jack ("Plaintiff") challenges the denial of his application for disability insurance benefits ("DIB"). The Administrative Law Judge ("ALJ") found that Plaintiff could return to his past relevant work and, therefore, was not disabled. (Administrative Record ("AR") 22-23).

On appeal, the Court concludes that the ALJ's determination that Plaintiff was able to return to his past relevant work is supported by substantial evidence in the record. As a result, the Court affirms the ALJ's determination that Plaintiff is not disabled and, therefore, is not entitled to benefits.

## II. PLAINTIFF'S CONDITIONS AND PROCEEDINGS BELOW

On December 1, 2011, Plaintiff applied for disability benefits based on a variety of physical ailments. (See AR 72, 114-15, 154-60). After an administrative hearing, the ALJ found that Plaintiff's lumbar spine degenerative disc disease, obesity, diabetes mellitus and bilateral thumb basal joint degeneration constituted "severe impairments" under federal regulations but were not severe enough to medically equal a listing. (AR 15-17).

Thereafter, the ALJ studied and assigned varying weight to the opinions of two orthopedists who had reviewed Plaintiff's case. (AR 19-20). Ultimately, the ALJ found that Plaintiff's medically determinable impairments could have reasonably been expected to cause his alleged symptoms. (AR 18). However, he also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of his symptoms were not entirely credible.[1] (AR 18, 20-22). As a result, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) with certain limitations. (AR 17-22). Specifically, the ALJ found that Plaintiff could:

> [O]ccasionally lift and carry 10 pounds[;] frequently lift and carry 10; stand and/or walk with normal breaks for a total of 2 [hours] of an 8-hour day; sit with normal breaks for a total of 6 [hours] of an 8-hour day; push and pull frequent[ly] with upper extremities; postural limitations all frequent [sic] except no ladders, ropes or scaffolds; and [engage in] frequent gross and fine manipulation bilaterally.

---

[1] When making the credibility finding, the ALJ pointed to Plaintiff's conservative treatment history, his receipt of unemployment benefits while applying for disability benefits, his ability to do moderate to strenuous exercise four to seven days a week, and medical opinions which indicated that Plaintiff was capable of some sort of work. (See AR 20-22).

2

(AR 17-18) (brackets added). Taking into consideration these restrictions, the ALJ ultimately determined that Plaintiff was capable of performing past relevant work as an athletic director as it is generally performed in the national economy.[2] (AR 22). Consequently, the ALJ concluded that Plaintiff was not disabled and thus, not entitled to benefits. (AR 22-23).

## III. ISSUE PRESENTED

Whether the ALJ's determination that Plaintiff could return to his past relevant work as an athletic director is supported by substantial evidence in the record. (Plaintiff's Memorandum in Support of Complaint ("Pl's. Compl.") 4-10).

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standard was applied. Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001). Substantial evidence is more than a mere scintilla but less than a preponderance. Id. at 459. Substantial evidence is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)

---

[2] The DOT defines the athletic director position as follows:

> Plans, administers, and directs intercollegiate athletic activities in college or university; interprets and participates in formulating extramural athletic policies. Employs and discharges coaching staff and other department employees on own initiative or at direction of board in charge of athletics. Directs preparation and dissemination of publicity to promote athletic events. Plans and coordinates activities of coaching staff. Prepares budget and authorizes department expenditures. Plans and schedules sports events, and oversees ticket sales activities. Certifies reports of income produced from ticket sales. May direct programs for students of physical education.

DOT # 090.117-022, Director, Athletic (Education).

(citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). To determine whether substantial evidence supports a finding, a court must "consider the record as a whole, weighing both evidence that supports and detracts from the [ALJ's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).

A court must uphold the ALJ's conclusion even if the evidence in the record is susceptible to more than one rational interpretation. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999) (citing Andrews v. Shalala, 53 F.3d 1035, 1040-41 (9th Cir. 1995)); see Mayes, 276 F.3d at 459. If the evidence can reasonably support either affirming or reversing the ALJ's decision, "the court may not substitute its judgment for that of the ALJ." Aukland, 257 F.3d at 1035 (citation omitted).

## IV. DISCUSSION

### A. Pertinent Law

The Social Security statute and implementing regulations establish a five-step sequential process to evaluate disability claims. 20 C.F.R. § 404.1520 (a)-(f); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999). At step four, the inquiry is whether the claimant can perform past relevant work "either as actually performed or as generally performed in the national economy." Carmickle v. Comm'r Soc. Sec. Admin., 533 F.3d 1155, 1166 (9th Cir. 2008). The ALJ may utilize a vocational expert ("VE") to assist in the determination. See 20 C.F.R. § 404.1560(b)(2).

A claimant bears the burden of proof to demonstrate that he or she is unable to perform his past relevant work. Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001). However, the ALJ "has a duty to make the requisite factual findings to support his conclusion." Id.; Carmickle, 533 F.3d at 1166. An ALJ's determination that a claimant has the RFC to perform his past relevant work must

contain a finding of fact as to the physical and mental demands of the past occupation, and a finding of fact that the individual's RFC would permit a return to the position. SSR 82-62, 1982 WL 31386, at *4; see 20 C.F.R. § 404.1520(f).

The Dictionary of Occupational Titles ("DOT") is the best source for how a job is generally performed. Pinto, 249 F.3d at 845-46 (citations omitted). It serves as a "primary source of reliable job information," classifying identified job titles by their exertional and skill requirements. Johnson v. Shalala, 60 F.3d 1428, 1434 n.6 (9th Cir. 1995) (citations omitted); see also 20 C.F.R. § 404.1566(d)(1). When a VE provides evidence about the requirements of a claimant's past job, the ALJ has "an affirmative responsibility to ask about any possible conflict" between the VE's testimony and information provided in the DOT, and to obtain a reasonable explanation for the conflict. SSR 00-4p, 2000 WL 1898704, at *4. An ALJ may not rely on a VE's testimony regarding the requirements of a particular job unless these steps have been taken. See Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007).

### B. Analysis

At step four of the sequential analysis, the ALJ concluded that Plaintiff could perform his former work as an athletic director. (AR 22). Plaintiff contends that this determination is not supported by substantial evidence in the record. (Pl's. Compl. 4-10). It is not supported, Plaintiff argues, because Plaintiff's job "was a hybrid/composite job" and "[was] not properly identified as solely an athletic director job [sic]." (Id. at 5). As a result, the ALJ "fail[ed] to properly identify the exertional requirement of [Plaintiff's] past relevant work," and instead improperly classified Plaintiff's past relevant work and his ability to perform it based on the position's "least demanding function." (See Pl's. Compl. 4-6). The Court disagrees with both assertions.

A composite job "[has] significant elements of two or more occupations and, as such, [has] no counterpart in the DOT."  SSR 82-61, 1982 WL 31387, at *2; Melendez v. Colvin, No. CV 14-719-PLA, 2014 WL 6630013, at *4 (C.D. Cal. Nov. 21, 2014).  Moreover, with respect to jobs that have several duties, as Plaintiff correctly asserts, it is improper to use the least demanding function of an occupation to determine whether a claimant is able to return to past relevant work. See e.g., Valencia v. Halter, 751 F.2d 1082, 1086-88 (9th Cir. 1984) (finding that claimant's "light" tomato sorting task performed as an agricultural laborer, which is "medium" work, could not be used to classify her past relevant work as "light" in its entirety); see generally Carmickle, 533 F.3d at 1166 ("It is error for the ALJ to classify an occupation according to the least demanding function.") (internal quotation omitted).  However, with respect to such work that requires varying duties and levels of exertion, SSR 82-61 also clearly states the following:

> A former job performed by the claimant may have involved functional demands and job duties significantly in excess of those generally required for the job by other employers throughout the national economy.  Under this test, <u>if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found "not disabled."</u>

SSR 82-61, 1982 WL 31387, at *2 (emphasis added).

### 1. **Plaintiff's Statements in DIB Application**

There is no indication anywhere in the record that the past relevant work Plaintiff performed was a composite job.  As detailed below, the record shows that

the issue was never raised by Plaintiff or the VE during Plaintiff's review proceedings, and to the extent there might have been any confusion regarding what Plaintiff's daily work obligations entailed, the ALJ appropriately sought and reached adequate clarity on the issue.

The record indicates that prior to the hearing, Plaintiff listed his past relevant work as that of an athletic director. He stated as much in his December 2011 Disability Report – Adult (AR 156), in his February 2012 Work History Report (AR 161), in his March 2012 Work History Report (AR 182), and in a Claimant's Work Background form that he completed to support his disability application (AR 206). Moreover, when asked to describe his position, Plaintiff wrote things like "daily oversight of [intercollegiate] program, campus recreation program" (AR 156), "day to day oversight and operation of athletic, PE and recreation program" (AR 162), and "day to day operation and oversight of athletic and recreation program including classroom and activity teaching" (AR 184). He also indicated that in the position, he had supervised several individuals at a time several hours a day. (See AR 157, 162, 184).

In sum, prior to his hearing, Plaintiff provided no indication that he had done any other kind of work that was separate and distinct from the athletic director position. (See generally AR 154-60, 161-76, 182-97, 206-07). Plaintiff did, however, indicate that as an athletic director, he had been required to stoop, kneel, crouch, reach, handle large and small objects, write, and type for several hours a day. (See AR 156, 162, 184). He also stated that the position had required him to lift anywhere from twenty-five to fifty pounds frequently. (See generally AR 157, 162, 183). To the extent that Plaintiff now asserts that this work was unique and distinct from his responsibilities as an athletic director, the record shows that any concerns related to those obligations were identified and adequately addressed by the ALJ at Plaintiff's March 2013 hearing.

### 2. **Plaintiff's Hearing Testimony**

At the hearing, Plaintiff testified that his past relevant work had consisted of working as an athletic director for Cal Tech, a position he eventually left in 2011. (See AR 63-64). He stated that in 2005, he had returned to Cal Tech thinking that he "would be able to find [himself] in sort of an easier scenario" (AR 64), but that due to tightened budgets and layoffs, he "found [himself] in a more physical job" (id.), and ultimately doing the work of some who had been laid off (see id.). Additional tasks like lining the soccer field and preparing for water polo matches "basically wore [Plaintiff] out" (AR 63) and led Plaintiff to choose to stop working. (See generally AR 63-64). When the ALJ then asked Plaintiff why he was unable to work today, Plaintiff replied, "Well, it's just [that] physically[,] I'm beat." (Id.). At no point did Plaintiff ever assert that he was unable to do athletic director work – which is sedentary in nature – as it is generally performed in the national economy. (See generally AR 61-68).

### 3. **Vocational Expert's Testimony**

After hearing Plaintiff's testimony in its entirety, the VE, Kelly Wynn, stated that she had no questions about classifying Plaintiff's past work. (AR 68-69). She then stated that in the DOT, Plaintiff's occupational title was that of athletic director and that it was a "sedentary, skilled" position. (AR 69). She also remarked that Plaintiff had described his work as having been "very heavy" and that it had required "lift[ing] up to 100 pounds." (See id.). The VE then indicated that there were no other work positions to discuss. (Id.) (VE stating "[T]hat's all the work, Your Honor."). Plaintiff did not dispute this statement. (See generally AR 68-70 (VE's testimony and Plaintiff's attorney's subsequent cross-examination of VE)).

### 4. **ALJ's Hearing Inquiry and Determination**

The ALJ then proceeded to give the VE three different hypothetical situations in order to determine whether Plaintiff would be able to perform his past

work. (AR 69-70). Each hypothetical required identical skill sets but had varying levels of exertion over varying levels of time. (See generally id.). In response to each scenario, the VE made the clear distinction that Plaintiff would not be able to do his past relevant work as an athletic director as he had performed it but that he would be able to do it as the DOT had defined it. (Id.). Finally, in compliance with SSR 00-4p, the ALJ asked the VE whether her testimony had been consistent with the DOT, to which the VE replied, "It has, Your Honor.". (AR 70).

      Prior to the ALJ making his final determination, he noted that the athletic director position was a skilled position generally performed at a sedentary level of exertion but that it had actually been performed by Plaintiff at a heavy level of exertion. (AR 22). Thus, the record clearly shows that the ALJ was aware that Plaintiff had been required to perform some tasks as an athletic director at Cal Tech that were outside the position's DOT description. Having previously indicated that Plaintiff's RFC enabled him to perform sedentary work (AR 17), in accord with SSR 82-61, the ALJ subsequently determined that Plaintiff was "capable of performing his past relevant work as an [a]thletics [d]irector as the position [was] generally performed in the national economy" (AR 22).

//
//
//
//
//
//
//
//
//
//

## IV. CONCLUSION

The ALJ's determination that Plaintiff was able to perform his past relevant work as an athletic director is supported by substantial evidence in the record. Moreover, Plaintiff's athletic director position was not composite in nature, nor did the ALJ improperly classify it by its least demanding function when determining whether Plaintiff could continue to do it. For these reasons, the ALJ's decision that Plaintiff is not disabled and therefore is not entitled to benefits is AFFIRMED.

DATED: September 22, 2015

*Rozella A. Oliver*

HON. ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN LEXIS/NEXIS, WESTLAW OR ANY OTHER LEGAL DATABASE.**